No. 24-2048

IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

**CAROLYN HALL**,

Plaintiff–Appellant,

v.

**SHEPPARD PRATT HEALTH SYSTEM, INC.**,

Defendant–Appellee.

On Appeal from the United States District Court

for the District of Maryland, No. 1:22-cv-03261-ABA

Hon. Adam B. Abelson

**PETITION FOR PANEL REHEARING
AND REHEARING EN BANC**

Counsel for Appellant:
Theresa Dawn Truitt Kraft
WILT TOIKKA KRAFT LLP
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 508-3648 | tkraft@wtk-law.com

# TABLE OF CONTENTS

**CERTIFICATE OF COUNSEL (FED. R. APP. P. 35(B) & 40(A)(2))**..................................1

**PRELIMINARY STATEMENT** ...............................................................................2

**SUMMARY OF ARGUMENT** ................................................................................4

**ARGUMENT** ...........................................................................................................6

**I. THE PANEL'S DECISION FLAGRANTLY CONFLICTS WITH *GROFF v. DEJOY*, WHICH DEMANDS PROOF OF SUBSTANTIAL, EMPLOYER-SPECIFIC COSTS – NOT SPECULATION.** ............................................................................................... 6

**II. THE PANEL OVERLOOKED OR MISUNDERSTOOD ESSENTIAL FACTS DEMONSTRATING THAT ACCOMMODATION WAS FEASIBLE WITHOUT UNDUE HARDSHIP.** ................................................................................................................ 7

**III. THE DECISION CONFLICTS WITH SUPREME COURT AND FOURTH CIRCUIT PRECEDENT REQUIRING INDIVIDUALIZED ASSESSMENT AND EVIDENCE OF ACTUAL HARDSHIP.** ................................................................................................ 8

**IV. THIS CASE PRESENTS A QUESTION OF EXCEPTIONAL IMPORTANCE: HOW *GROFF* APPLIES TO VACCINE-POLICY ACCOMMODATIONS IN HEALTHCARE.** .. 9

**V. EN BANC REVIEW IS NECESSARY TO MAINTAIN UNIFORMITY WITH *GROFF* AND THIS COURT'S TITLE VII JURISPRUDENCE**............................................. 9

**CONCLUSION** ........................................................................................................11

**CERTIFICATE OF COMPLIANCE**......................................................................................**12**

**CERTIFICATE OF SERVICE**............................................................................................**13**

# TABLE OF AUTHORITIES

Cases

*Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1019–21 (4th Cir. 1996) ................... 7, 8, 12

*EEOC v. Consol Energy, Inc.*, 860 F.3d 131, 145–46 (4th Cir. 2017). ............................... 7, 8, 12

*EEOC v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 317 (4th Cir. 2008) ................... 7, 8, 12

*Groff v. DeJoy*, 600 U.S. 447 (2023). ........................................................... 5, 6, 7, 8, 9, 10, 12, 15

Acts

Title VII ................................................................................................. 5, 6, 8, 9, 10, 12, 13

# CERTIFICATE OF COUNSEL (Fed. R. App. P. 35(b) & 40(a)(2))

Counsel certifies that a panel rehearing and rehearing en banc are necessary for the following reasons:

1. The panel's decision conflicts with established Supreme Court authority, particularly *Groff v. DeJoy*, 600 U.S. 447 (2023). This decision upholds the denial of a religious accommodation under Title VII based on generalized public health concerns, rather than on evidence showing that the requested accommodation would impose "substantial increased costs in relation to the conduct of [the employer's] particular business" (Id. at 470–71).

2. This case raises a question of exceptional importance: After the *Groff* decision, can a healthcare employer deny a religious exemption while still granting the same masking and testing accommodations to employees with medical exemptions, without providing evidence of any additional costs or operational challenges associated with granting the religious accommodation?

Respectfully submitted,

/s/

Theresa Dawn Truitt Kraft
Counsel for Appellant

## PRELIMINARY STATEMENT

This petition asks the Court to apply *Groff's* clarified Title VII standard to the facts here. Appellant Carolyn Hall is a registered nurse who worked primarily in an admissions coordination role, not bedside nursing. Her core duties were administrative and telephonic— insurance verification, documentation, and short, masked, distanced lobby interactions with families and patients. (JA0145–0146; JA0186–0188.) When illness required it in 2020, Sheppard Pratt directed Ms. Hall to perform her duties 100% remotely; she did so successfully. (JA0010.)

In 2021, Sheppard Pratt adopted a COVID-19 vaccination policy that permitted both medical and religious exemptions. Employees with medical exemptions could continue working unvaccinated if they complied with masking and weekly COVID-19 testing. (JA0157–0158.) Ms. Hall, a devout Christian, requested a religious exemption and proposed the same masking-and-testing accommodation. (JA0169–0170.) Human resources records show that roughly 100 medical exemption requests were submitted and about half were granted; by contrast, over 200 religious exemption requests were submitted, and only about two dozen were granted, with an effective bar on approvals for positions the employer labeled "patient-facing." (JA0158–0159; JA0221– JA0240.)

The district court granted summary judgment for Sheppard Pratt; a panel of this Court affirmed, concluding that accommodating Ms. Hall would have posed an "unacceptable risk" to patient safety and could lead to system-wide outbreaks and costs. (Panel Op. at 13–14.) However, *Groff* requires more than speculation. Title VII demands employer-specific proof that the requested accommodation would result in substantial increased costs or comparable burdens. There is no

such proof here, particularly given that identical accommodations had already been provided to medically exempt employees in comparable roles. (JA0157–0158.)

The panel's acceptance of generalized safety concerns revives the disapproved "more-than-de-minimis" approach and conflicts with this Court's precedents requiring individualized assessment and evidence, not conjecture. See *EEOC v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 317 (4th Cir. 2008); *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1019–21 (4th Cir. 1996); *EEOC v. Consol Energy, Inc.*, 860 F.3d 131, 145–46 (4th Cir. 2017). Rehearing is needed to ensure consistent application of *Groff* and to provide guidance in the many healthcare cases presenting the same issue.

## SUMMARY OF ARGUMENT

1. The panel egregiously misapplied *Groff*. According to *Groff*, proving undue hardship requires clear evidence that the accommodation would result in substantial increased costs in relation to the employer's business (600 U.S. at 470–71). Instead, the panel accepted vague assertions about potential COVID-19 transmission, outbreaks, and staffing costs without any connection to Ms. Hall's specific request—masking and weekly testing—measures that Sheppard Pratt has already implemented for employees with medical exemptions (Panel Op. at 13–14; JA0157–0158). Title VII categorically prohibits the denial of accommodation based on mere conjecture.

2. The panel also overlooked critical facts. The indisputable record demonstrates that Ms. Hall's position was primarily administrative, requiring only brief, masked, and distanced interactions in the lobby (JA0145–0146; JA0186–0188). In fact, she worked 100% remotely at management's direction for a significant period (JA0010). The employer has effectively accommodated medical exemptions with masking and testing (JA0157–0158), and Ms. Hall specifically requested that identical accommodation (JA0169–0170). Moreover, approvals for religious exemptions were unfairly denied for "patient-facing" roles (JA0158–0159; JA0221–JA0240). None of this corroborates any substantial burden specific to accommodating Ms. Hall.

3. This decision contradicts established precedent. This Court has consistently required an individualized assessment and concrete evidence of actual hardship—not speculative fears. This is clearly illustrated in cases like *Chalmers*, *Firestone Fibers*, and *Consol Energy*. The panel's reliance on generalized predictions and a sweeping "patient-facing"

classification is entirely incompatible with Title VII's mandate for case-by-case evaluations.

4. This issue is critical. Following *Groff*, district courts across this Circuit and the nation are currently handling Title VII accommodation claims regarding vaccine policies. If generalized public health concerns are deemed sufficient to deny religious accommodations – especially when identical accommodations are extended for medical reasons – then *Groff*'s protections become utterly ineffective, particularly in healthcare and beyond.

## ARGUMENT

I. THE PANEL'S DECISION FLAGRANTLY CONFLICTS WITH *GROFF v. DEJOY*, WHICH DEMANDS PROOF OF SUBSTANTIAL, EMPLOYER-SPECIFIC COSTS – NOT SPECULATION.

*Groff* has made it crystal clear that "undue hardship" under Title VII requires undeniable evidence of significantly increased costs in relation to the employer's business operations and mandates that courts consider "the practical impact" of the specific accommodation requested (600 U.S. at 470–71). The panel's ruling relied on generalized fears, claiming that allowing Ms. Hall to work unvaccinated—even while masked and tested—posed an "unacceptable risk," and that accommodating others could lead to outbreaks and system-wide costs (Panel Op. at 13–14). This flawed reasoning entirely disregards *Groff's* requirement for solid proof tied to the actual accommodation and the employer's operations.

First, Sheppard Pratt had already implemented the exact accommodation Ms. Hall proposed—masking and weekly testing—for employees with medical exemptions (JA0157–0158). There is no evidence that these accommodations created substantial increased costs or operational burdens when applied to medically exempt employees. The hospital failed to quantify any costs, staffing impacts, or administrative burdens associated with masked and tested unvaccinated staff, let alone identify any incremental costs specific to Ms. Hall's role.

Second, the panel's reliance on aggregate predictions is in direct contradiction to *Groff's* individualized inquiry. Title VII simply asks whether accommodating an individual employee imposes undue hardship; it does not grant employers the authority to deny a religious accommodation merely because others might seek the same. Groff clearly stated this principle

(600 U.S. at 470–71). The panel's approach effectively revives the "more-than-de-minimis" test *that Groff* explicitly rejected.

Third, there is a complete lack of evidence that masking and weekly testing would compromise patient safety regarding Ms. Hall's specific duties, which were predominantly administrative and involved only brief, masked, and distanced interactions in the lobby (JA0145–0146; JA0186–0188). The employer utterly failed to meet its burden under *Groff*.

## II. THE PANEL OVERLOOKED OR MISUNDERSTOOD ESSENTIAL FACTS DEMONSTRATING THAT ACCOMMODATION WAS FEASIBLE WITHOUT UNDUE HARDSHIP.

A. Ms. Hall's duties were clearly non-clinical. The record reveals that she did not administer medications, take vital signs, or provide direct physical treatment; her responsibilities primarily involved handling phones, documentation, and insurance verification, with only brief lobby interactions conducted while masked and distanced (JA0145–0146; JA0186–0188). Treating her role as if it were akin to clinical bedside nursing significantly distorts the perceived risk.

B. Remote or hybrid work was feasible and had been successfully implemented. In December 2020, management ordered Ms. Hall to work 100% remotely, demonstrating her capacity to perform her job effectively under those conditions (JA0010). This history confirms the feasibility of reduced-contact alternatives to address any safety concerns.

C. The employer had already accepted the same accommodation for medical exemptions. Sheppard Pratt allowed numerous medical exemptions by permitting continued work with masking and weekly testing (JA0157–0158). Ms. Hall explicitly requested that precise accommodation on religious grounds (JA0169–0170). The employer

failed to identify any incremental cost or burden from extending the same accommodation to a religious objector, demonstrating a clear bias in their treatment of similar requests.

D. Religious exemptions were effectively barred for "patient-facing" roles. HR records and testimony reflect that, while medical exemptions were often granted, religious exemptions for "patient-facing" roles were almost categorically denied. (JA0158–0159; JA0221–JA0240.) Title VII does not permit blanket denials in lieu of individualized assessment.

E. No proof of substantial cost, staffing, or operational burden. The record contains no quantification of costs for PPE, testing logistics, staffing, or administrative tracking attributable to Ms. Hall's requested accommodation—and no evidence linking masked/tested unvaccinated personnel to outbreaks in the admissions lobby. The employer's generalized concerns cannot satisfy *Groff's* requirement of proof.

III. THE DECISION CONFLICTS WITH SUPREME COURT AND FOURTH CIRCUIT PRECEDENT REQUIRING INDIVIDUALIZED ASSESSMENT AND EVIDENCE OF ACTUAL HARDSHIP.

This Court's cases require employers to consider religious accommodations on a case-by-case basis and to support claims of hardship with specific evidence. See *Chalmers*, 101 F.3d at 1019–21 (individualized assessment); *Firestone Fibers*, 515 F.3d at 317 (more than conjecture is required); *Consol Energy*, 860 F.3d at 145–46 (reversing where employer refused feasible accommodation of religious practice).

The panel acknowledged *Groff's* rule (Panel Op. at 7–8) but allowed Sheppard Pratt to prevail without employer-specific proof that Ms. Hall's masked/testing accommodation would impose

substantial increased costs in its business. Instead, the decision rests on generalized predictions and a categorical "patient-facing" filter. That approach conflicts with both *Groff* and this Court's precedent.

IV. THIS CASE PRESENTS A QUESTION OF EXCEPTIONAL IMPORTANCE: HOW *GROFF* APPLIES TO VACCINE-POLICY ACCOMMODATIONS IN HEALTHCARE.

Post-*Groff*, courts are grappling with Title VII religious-accommodation claims arising from vaccine mandates and infection-control policies. If generalized public-health concerns suffice to deny accommodations—even where identical accommodations are granted for medical reasons—the *Groff* standard will be nullified across healthcare, education, public safety, and transportation. The district court record here reflects the very disparity *Groff* forbids: medical exemptions were accommodated with masking/testing, while religious exemptions were functionally disallowed for "patient-facing" roles. (JA0158–JA0160.) Clarification from the en banc Court is critical for uniform administration of Title VII.

V. EN BANC REVIEW IS NECESSARY TO MAINTAIN UNIFORMITY WITH *GROFF* AND THIS COURT'S TITLE VII JURISPRUDENCE.

En banc review is warranted to correct the panel's departure from binding standards:

• Individualized assessment. Title VII demands case-specific evaluation, not categorical exclusion based on labels such as "patient-facing." (JA0158–JA0160.)

• Evidence over speculation. Employers must present proof of substantial, employer-specific costs or comparable burdens; predictions of outbreaks and reputational risk untethered to the accommodation and role are insufficient. (Panel Op. at 13–14.)

• Equal treatment of religious and non-religious exemptions. Where the same masking/testing measures are viable for medical exemptions, denying them for religious exemptions absent proof

of incremental burden violates Title VII's requirement to reasonably accommodate religious practice unless undue hardship is shown. (JA0157–0159.)

## CONCLUSION

For these reasons, the Court should grant panel rehearing and rehearing en banc, vacate the panel's decision, and reverse or remand for proceedings consistent with *Groff's* requirement that employers prove substantial, employer-specific costs or comparable burdens from the particular accommodation requested—here, masking and weekly testing already used for medically exempt employees.

/s/
Theresa Dawn Truitt Kraft
WILT TOIKKA KRAFT LLP
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 508-3648 | tkraft@wtk-law.com
Counsel for Appellant Carolyn Hall
Dated: November 4, 2025

# CERTIFICATE OF COMPLIANCE

This petition complies with Fed. R. App. P. 35(b)(2) and 40(b)(1) because it contains 1890 words, excluding the parts of the petition exempted by Fed. R. App. P. 32(f). This document has been prepared in a proportional-spaced typeface using Times New Roman 12-point font.


/s/
Theresa Dawn Truitt Kraft
Counsel for Appellant

# CERTIFICATE OF SERVICE

I certify that on November 4, 2025, I electronically filed the foregoing Petition for Panel Rehearing and Rehearing En Banc with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.


/s/
Theresa Dawn Truitt Kraft
Counsel for Appellant